

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00074-CR

---

JESUS ARMANDO FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. A22252-2211, Honorable Kregg Hukill, Presiding

---

July 13, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Following Appellant's plea of guilty to driving while intoxicated, third or more[1], with an agreed recommendation as to punishment, the trial court sentenced Appellant to five years' imprisonment but suspended the sentence and placed him on community supervision for five years. Pending before this Court is a motion to withdraw supported

---

[1] TEX. PENAL CODE §§ 49.04, 49.09(b).

by a brief filed pursuant to *Anders v. California.*[2] We grant counsel's motion to withdraw and affirm the judgment of the trial court.

## BACKGROUND

On December 12, 2023, Appellant pleaded guilty to the charged offense. The trial suspended Appellant's five-year sentence and placed Appellant on community supervision for five years with several conditions. On September 19, 2025, the State filed a *Motion to Revoke Community Supervision*. By two issues, the State alleged Appellant tested positive for cocaine and failed to attend and successfully complete the Hale County Drug Court program in violation of specific conditions of Appellant's community supervision. On December 22, 2025, the trial court heard the motion for revocation. Appellant pleaded not true to the allegations. At the conclusion of the hearing, the trial court revoked community supervision, reformed the judgment, and sentenced Appellant to three years' imprisonment. Appellant timely brought this appeal.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no arguable grounds of error. *Id*. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel candidly discusses why, under the controlling authorities, the record presents no reversible error and no arguable grounds for relief. Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing copies of the brief and the appellate record to Appellant, (2) notifying him of

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408; *see also Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).

By letter on April 24, 2026, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's motion and a pro se brief by May 26, 2026, should he be so inclined. To date, Appellant has done neither nor otherwise contacted the Court. The State has not favored us with a brief.

## ANALYSIS

By his *Anders* brief, counsel evaluated all phases of the proceedings, all adverse rulings, the sufficiency of the evidence, and Appellant's assistance of counsel. He candidly discussed potential issues and conceded no errors occurred during trial which would require reversal of Appellant's conviction. Thus, he concluded there are no non-frivolous issues to present on appeal, and the appeal is without merit and wholly frivolous.

We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). So, after thoroughly reviewing the record and counsel's brief, we (1) agree that there is no plausible basis for reversal of Appellant's

3

conviction, (2) affirm the trial court's judgment, and (3) grant counsel's motion to withdraw.[3]

## CONCLUSION

The trial court's judgment is affirmed, and counsel's motion to withdraw is granted.

Laura A.W. Pratt
Justice

Do not publish.

---

[3] Within five days after the date of this opinion, appellate counsel shall (1) send Appellant a copy of the opinion and judgment and (2) inform Appellant of his right to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 48.4. This duty is informational and ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.